1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JARVON D. GREEN,                        Case No.  2:22-cv-01053-TLN-JDP (PC)

11                 Plaintiff,                ORDER GRANTING PLAINTIFF'S
                                             APPLICATION TO PROCEED *IN FORMA*
12          v.                               *PAUPERIS*

13   R. KERSH, *et al.*,                     SCREENING ORDER THAT PLAINTIFF:

14                 Defendants.                    (1) PROCEED ONLY WITH HIS
                                                  EXCESSIVE FORCE CLAIM
15                                                AGAINST DEFENDANT KERSH
                                                  AND HIS DUE PROCESS CLAIMS
16                                                AGAINST DEFENDANT ALKIRE; OR

17                                                (2) DELAY SERVING ANY
                                                  DEFENDANT AND FILE AN
18                                                AMENDED COMPLAINT

19                                           ECF Nos. 1 & 2

20                                           THIRTY-DAY DEADLINE

21

22

23

24          Plaintiff, a state prisoner proceeding without counsel, alleges that defendant Kersh

25   violated his rights by subjecting him to excessive force.  ECF No. 1 at 3-5.  Defendant Alkire then

26   allegedly covered up Kersh's use of force by denying plaintiff his due process rights during the

27   subsequent disciplinary hearing related to the use of force.  *Id.* at 4.  Finally, plaintiff alleges that

28   supervisory defendants Gibson and Kibler bear responsibility for Kersh's excessive force because

1

1    they should have been aware of it "via the chain of command." *Id.* Plaintiff's allegations against

2    Kersh and Alkire are suitable to proceed past screening. He has failed to state a viable claim

3    against Gibson and Kibler, however. He must decide whether to proceed only with his claims

4    against defendants Kersh and Alkire or to delay serving any defendant and file an amended

5    complaint.

6           I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

7                                  **Screening Order**

8    **I.      Screening and Pleading Requirements**

9           A federal court must screen a prisoner's complaint that seeks relief against a governmental

10   entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

11   claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

12   claim upon which relief may be granted, or seeks monetary relief from a defendant who is

13   immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

14          A complaint must contain a short and plain statement that plaintiff is entitled to relief,

15   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

16   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not

17   require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.

18   662, 678 (2009). If the allegations "do not permit the court to infer more than the mere

19   possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not

20   identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

21   1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that

22   give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

23   n.2 (9th Cir. 2006) (en banc) (citations omitted).

24          The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404

25   U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it

26   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

27   would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

28   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

                                        2

of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Analysis

Plaintiff alleges that, on May 6, 2022, defendant Kersh violated his Eighth Amendment rights by breaking his wrist and pushing him to the ground while applying handcuffs.  ECF No. 1 at 3-4.  Defendant Alkire, who presided over the disciplinary hearing related to Kersh's use of force, allegedly used his position to violate plaintiff's due process rights and cover up the excessive force incident.  *Id.* at 4.  These allegations are suitable to proceed past screening.

Plaintiff's allegations against Gibson and Kibler, by contrast, are not cognizable.  There is no *respondeat superior* liability under section 1983.  *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983.").  Here, plaintiff has not alleged any personal participation by either Gibson or Kibler in the violation of his rights.

Plaintiff may either proceed only with his excessive force claim against defendant Kersh and his due process claims against defendant Alkire, or he may delay serving any defendant and file an amended complaint.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2.  Within thirty days from the service of this order, plaintiff either advise that he wishes to proceed only with his excessive force claim against defendant Kersh and his due process

claims against defendant Alkire or file an amended complaint.  If he elects to proceed against

Kersh and Alkire, he must voluntarily dismiss his claims against the other defendants.

    3.  Failure to comply with this order may result in the dismissal of this action.

    4.  The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:  __August 4, 2022__                        _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE