UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARVON D. GREEN,<br><br>            Plaintiff,<br><br>       v.<br><br>R. KERSH, *et al.*,<br><br>            Defendants. | Case No.  2:22-cv-01053-TLN-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CHANGE VENUE<br><br>ECF No. 22 |

Plaintiff, a state prisoner proceeding pro se, has filed a motion to change venue to the Fresno Division of the Eastern District of California.  ECF No. 22.  He argues that venue must be changed because I am biased and he has been moved to California State Prison, Corcoran, which is outside of this division's boundaries.[1]  ECF No. 22 at 4.

Plaintiff's claims arise from events at High Desert State Prison, located in Lassen County; therefore, venue is appropriate in the United States District Court for the Eastern District of California, Sacramento Division.  *See* Local Rule 120(d) (listing actions arising in Lassen County

---

[1] Although not relevant to the instant motion, plaintiff claims that defendants' attorney misrepresented to the court that plaintiff could not be located before defendants filed a motion for an extension of time.  ECF No. 22 at 1.  Plaintiff also argues that defendants sought an extension of time to harass him, that they retaliated against him, and that they are attempting to prolong the litigation process.  *Id.* at 1-2.  Defendants maintain that plaintiff's accusations are false and state that, on account of plaintiff's incarceration, they were unable to contact him quickly before filing their motion.  ECF No. 23 at 3.

as within the venue of the Sacramento Division).  In addition, most of the witnesses and evidence—including all defendants—are located in this division.  *See* ECF No. 23 at 2 (noting that all defendants work at High Desert State Prison).

Plaintiff's reasons for requesting a change in venue are insufficient to warrant such action.  He argues that I am bias since I granted defendants' request for an extension of time to file a responsive pleading, ECF No. 18, and the Clerk of Court denied his request for default judgment, ECF No. 21.  ECF No. 22 at 1-2.  Section 455(a) provides that any United States federal judge should recuse him or herself "in any proceeding in which his impartiality might reasonably be questioned."  The judge should also disqualify him or herself if the judge "has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(b)(1).  Plaintiff's argument is unfounded; I took no part in the Clerk of Court's decision to deny entry of default, and I found that there was good cause to grant defendants' request for additional time.  Plaintiff's other reason for seeking a change in venue—that he no longer resides within the boundaries of the Sacramento division—is insufficient to warrant transfer.  *See Gleason v. Lynch*, No. 2:20-cv-2406-JAM-EFB (P), 2021 WL 1058140, at *2 (E.D. Cal. Mar. 19, 2021) (finding that the plaintiff's resident "is irrelevant in determining proper venue" and denying his motion to change venue since his claim arose at California State Prison, Sacramento, which is where all the defendants worked and lived).

Accordingly, it is hereby ORDERED that plaintiff's motion to transfer venue, ECF No. 22, is denied.

IT IS SO ORDERED.

Dated:   January 30, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE