1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JARVON D. GREEN,                              Case No.  2:22-cv-01053-TLN-JDP (PC)

12                    Plaintiff,                    ORDER DENYING PLAINTIFF'S
                                                    MOTION TO APPOINT COUNSEL
13            v.
                                                    ECF No. 27
14    R. KERSH, *et al.*,

15                    Defendants.

16

17

18           Plaintiff is a state inmate proceeding without counsel in this civil rights action brought

19    under 42 U.S.C. § 1983.  He has filed a motion asking that he be appointed counsel.  ECF No. 27.

20           Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand*

21    *v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an

22    attorney to represent plaintiff.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296,

23    298 (1989).  The court can request the voluntary assistance of counsel.  *See* 28 U.S.C.

24    § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford

25    counsel"); *Rand*, 113 F.3d at 1525.  But without a means to compensate counsel, the court will

26    seek volunteer counsel only in exceptional circumstances.  In determining whether such

27    circumstances exist, "the district court must evaluate both the likelihood of success on the merits

28

                                                    1

1  [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

2  legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

3      Plaintiff asks that counsel be appointed because he is hearing impaired and would benefit

4  from help with trial procedures.  ECF No. 27 at 1.  I cannot conclude that exceptional

5  circumstances requiring the appointment of counsel are present here.  The allegations in the

6  complaint are not exceptionally complicated, and plaintiff has not demonstrated that he is likely

7  to succeed on the merits.  For these reasons, plaintiff's motion to appoint counsel, ECF No. 27, is

8  denied without prejudice.

9      Accordingly, it is hereby ORDERED that plaintiff's motion for appointment of counsel,

10  ECF No. 27, is denied without prejudice.

11

IT IS SO ORDERED.
12

13

Dated:    April 5, 2023        _____
14                                JEREMY D. PETERSON
                                UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28