UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARVON D. GREEN,<br><br>                Plaintiff,<br><br>    v.<br><br>R. KERSH, *et al.*,<br><br>                Defendants. | Case No.  2:22-cv-01053-TLN-JDP (PC)<br><br>ORDER |

        I screened plaintiff's § 1983 complaint and found that he alleged cognizable claims for excessive force against defendant Kersh and due process violations against defendant Alkire. ECF No. 9.  I notified him that his other claims were not cognizable and gave him the option to amend his complaint or to notify the court that he wished to proceed on his cognizable claims. *Id.* Plaintiff filed a notice with the court that he elected to proceed on the cognizable claims, ECF No. 10, and concurrently filed a first amended complaint, ECF No. 11, which only alleged the claims previously found cognizable.  I directed service, and defendants Kersh and Alkire answered on January 19, 2023.  ECF No. 24.  I then stayed the case and referred it to the court's Alternative Dispute Resolution program.  ECF No. 26.  On March 3, 2023, before the parties had an opportunity to engage in a settlement conference, plaintiff filed a second amended complaint. ECF No. 28.  The case did not settle, and the stay previously put in place has been lifted.  ECF Nos. 32, 33.

In the amended complaint, plaintiff states that he is an ADA (Americans with Disabilities Act) inmate with a hearing disability and that he should be awarded attorney's fees if he prevails at trial under the ADA. ECF No. 28 at 2. He states that he is "just [] amending these law's in statements plus my disabilities into my complaint by amending my complaint." *Id.* He also includes a copy of the original complaint that he filed at ECF No. 1, which I previously found contained non-cognizable claims.

I cannot tell from the second amended complaint whether plaintiff is attempting to reallege claims that I found previously not cognizable, whether he seeks to allege a new ADA claim, or both. If plaintiff is attempting to amend his complaint, he must seek leave of court to do so, since he is outside the time limit to amend as a matter of course, and he has not provided the court with proof of defendants' written consent to amend. *See* Fed. R. Civ. Pro. 15(a)(1) & (2).

Plaintiff is instructed that if he seeks leave to file an amended complaint and his request is granted, any amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within twenty-one days from the service of this order, plaintiff must either seek leave to file an amended complaint or advise the court he wishes stand by his current complaint. If he selects the latter option, I will recommend that the claims previously found to be not cognizable be dismissed.

2. Failure to comply with this order may result in the dismissal of this action.

3. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   May 3, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE