1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JARVON D. GREEN,                          Case No.  2:22-cv-01053-TLN-JDP (PC)

12              Plaintiff,                      **ORDER**

13         v.                                   GRANTING IN PART PLAINTIFF'S
                                                MOTION TO COMPEL
14    R. KERSH, *et al.*,
                                                ECF No. 52
15              Defendants.

16

17         Plaintiff, a prisoner proceeding *pro se*, brought this action alleging that defendant Kersh

18    violated his Eighth Amendment rights by using excessive force against him, and that defendant

19    Alkire violated his due process rights.  ECF No. 12.  Now pending is plaintiff's motion to

20    compel, ECF No. 52, to which defendants have filed an opposition, ECF No. 55.  For the reasons

21    stated below, plaintiff's motion to compel is granted in part.

22         **I.      Legal Standard**

23         Under Federal Rule of Civil Procedure 34 "[t]he party to whom [a request for production]

24    is directed must respond in writing within 30 days after being served."  Fed. R. Civ. P.

25    34(b)(2)(A).  The responding party may state an objection to any request, but must offer a

26    specific rationale for doing so. In responding to a request to produce documents, the responding

27    party must affirmatively state whether any responsive materials are being withheld on the basis of

28    the proffered objection.  Fed. R. Civ. P.  34(b)(2)(C).

1    Under Federal Rule of Civil Procedure 37, "a party seeking discovery may move for an

2    order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).

3    The party seeking to compel discovery has the initial burden of establishing that its requests are

4    relevant, *see* Fed. R. Civ. P. 26(b)(1), but "[t]he party who resists discovery has the burden to

5    show that discovery should not be allowed, and has the burden of clarifying, explaining, and

6    supporting its objections."  *See Blemaster v. Sabo*, No. 2:16-CV-04557 JWS, 2017 U.S. Dist.

7    LEXIS 178498, 2017 WL 4843241, at *1 (D. Ariz. Oct. 25, 2017) (quoting *DIRECTV, Inc. v.*

8    *Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

9                                           **Analysis**

10    There are four requests for production at issue.  I will address them separately, in the order

11    presented by plaintiff.

12                    **A.  Request for Production Number Seven**

13    This request for production seeks: "The complete personnel file of all Defendant Officers

14    R. Kersh and R. Alkire including but not limited to, all documentation and records of

15    psychological evaluation, commendations, promotions, disciplinary reports, reports of

16    misconduct, investigations and dispositions of all citizens complaints and internal disciplining

17    investigations."  ECF No. 52 at 3-4.

18    Defendants objected to the request as: (1) vague and ambiguous as to the terms 'complete

19    personnel file,' 'all documentation and records' and 'investigations and dispositions of all citizens

20    complaints' causing Defendants to speculate as to the intended meaning; (2) the request is

21    compound as it seeks both Defendant's personnel files; (3) it seeks documents that are protected

22    by the official information privilege, the deliberative process privilege, California Penal Code

23    sections 832.7 and 832.8, California Evidence Code sections 1040, 1041, and 1043, California

24    Code of Regulations, Title 15, section 3486.3 (Staff Misconduct Determination Notification),

25    Defendants' common law right to privacy, and which may be protected by the California Code of

26    Regulations, Title 15, § 3321 (Confidential Material), the disclosure of which would create a

27    hazard to the safety and security of the institution, prison officials, and inmates, and violate

28    privacy rights afforded to prison officials and inmates; (4) it may seek documents that are not in

                                              2

1    Defendants' custody and control; (5) the demand is not limited as to time or as to the matters that

2    are relevant to any claim or defense in this action, so is unduly burdensome and not proportional

3    to the needs of the case; and (6) propensity evidence is generally not admissible in civil rights

4    cases, so Plaintiff's request for documents unrelated to Defendants' specific interactions with

5    Plaintiff is not within the scope of discovery since it is not relevant to his claims.  ECF No. 55 at

6    3-4.

7           I find defendants' objections unpersuasive.  The terms "complete personnel file," "all

8    documentation and records," and "investigations and dispositions of all citizen complaints," are

9    not so vague or ambiguous as to require defendants or their counsel to guess as to what relevant

10   documents are sought.  The request is compound, but given plaintiff's *pro se* status, that is not

11   sufficient reason to refuse production.  Defendants' assertions of numerous privileges are

12   inadequately supported.  They make no attempt to link parts of the requested documents to the

13   privileges asserted, and broad, boilerplate assertions are insufficient to sustain their objections.

14   *See Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1147 (9th

15   Cir. 2005) ("Rule 26 clarifies that a proper assertion of privilege must be more specific than a

16   generalized, boiler-plate objection.").  Further, there does not appear to be a proper privilege log

17   associated with the objections to request for production number seven.  Defendants' assertion that

18   the request seeks items that "may" not be in their custody or control is insufficient; if all or part of

19   a responsive document is not in their control, they must specify as much.  It is true that the

20   request is not limited in scope to the time relevant to the claims at bar, but that is not an adequate

21   basis on which to refuse production entirely.  Instead, defendants were obligated to articulate why

22   documents outside of that scope lack relevance, and to produce responsive documents falling

23   within the time period.  *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (the

24   party opposing discovery bears the heavy burden of demonstrating that the discovery should not

25   be permitted).  Finally, defendants are correct that propensity evidence is not admissible in

26   section 1983 cases for the purpose of proving a person's character in order to show that they acted

27   in accordance with that character on a particular occasion.  Fed. R. Evid. 404(b)(1).  However, the

28   rules recognize that the evidence may be admissible (and, thus, necessarily discoverable) for other

3

1    purposes, such as proving motive, opportunity, intent, or lack of accident.  Fed. R. Evid.

2    404(b)(2).

3         In light of the foregoing, plaintiff's motion to compel is granted with respect to this

4    request for production, and defendants must produce the responsive documents in their

5    possession.[1]  I am not ignorant of the security risks of providing officers' personal information to

6    an inmate, however, and within twenty-one days of this order's entry the parties shall submit a

7    proposed stipulated protective order to which disclosure shall be subject.  I will review that

8    protective order, and discovery shall be due within thirty days of my approval of that order.

9                    **B.  Request for Production Number Eight**

10        This request for production seeks: "All documents with your possession custody, or

11   control relating to defendant officers who have been terminated, suspended, removed, laid off,

12   removed, laid off, reduced in ranks, reprimanded, disciplined, criminally prosecuted, or warned

13   concerning any activities whatsoever within their capacity as correctional officers."  ECF No. 52

14   at 2.

15        Defendants provide substantively the same objections to this request as its predecessor.

16   They argue that it is compound, vague and ambiguous, overbroad and unduly burdensome,

17   privileged, seeking documents not within the custody and control of defendants, and seeking

18   propensity evidence that would not be admissible in this case.  ECF No. 55 at 5-6.

19        These objections are deficient for the same reasons articulated above.  These documents,

20   to the extent defendants possess any, should also be disclosed under a protection order.

21                    **C.  Request for Production Number Ten**

22        This request for production seeks "The complete file regarding each and every citizen

23   complaint, disciplinary action, internal investigations and any other claims of misconduct against

24   Defendant officers whether initiated externally or through the filing of a citizen complaint or civil

25   lawsuit, or internally as the result of disciplining or code of conduct violations, including but not

26

27        [1] In their opposition, defendants appear to suggest that no documents responsive to this
     request are in their possession.  ECF No. 55 at 5.  If that is the case, they must state as much
28   explicitly and provide a signature under oath attesting to that fact.

1    limited to, incident reports, witness statements, citizen complaint forms, investigation records,

2    depositions and discipline, anything in your possession, custody or control pertaining to any

3    claims against defendant officers."  ECF No. 52 at 4-5.

4           Defendants raise the same objections as they did with respect to the prior two requests but

5    do submit a privilege log and attendant declaration indicating that responsive documents are

6    being withheld because they could compromise institutional security by revealing techniques used

7    to investigate inmate complaints and reveal the names of inmate informants.  ECF No. 55-1 at 43.

8    The declaration also indicates that some of the documents contain investigations conducted

9    pursuant to the Prison Rape Elimination Act ("PREA"), and their disclosure would violate

10   confidentiality requirements under that act.  *Id.* at 44-45.  Finally, defendants cite several state

11   law privileges that they contend also militate in favor of withholding these documents.  *Id.* at 46-

12   47.  There appear to be three documents in the privilege log that are responsive to this request for

13   production.  In light of the rationales articulated and the proper privilege log, I will uphold the

14   privilege objection with respect to these documents.  Defendants appear to state that, after a

15   search, no other non-privileged documents were uncovered.  ECF No. 55 at 9.  Thus, no further

16   response to this request will be compelled.

### D.  Request for Production Number Eleven

18          The last request for production seeks "a copy of all defendants' prison work history

19   background, any staff misconduct complaints filed against them for excessive and/or unnecessary

20   force, threats, false reports, and retaliation 5 years before 5/6/22—current."  ECF No. 52 at 6-7.

21          Defendants raised \the same objections as above, save for the objections that the request

22   might seek documents not within their custody or control.  ECF No. 55 at 10.  In the same

23   privilege log produced in conjunction with request for production number ten, there is a single

24   responsive document attached to this request.  ECF No. 55-1 at 53.  Defendants contend that this

25   document also implicates the PREA and that its production would compromise officers' ability to

26   investigate inmates and protect their confidential sources.  *Id.* at 43-48.   Just as I upheld the

27   privilege objections with respect to the previous request for production, I will uphold these as

28   well.  If any responsive documents are in defendants' custody that are not privileged, however,

1  they must produce them to plaintiff insofar as the other objections they have raised are

2  inadequate.

3          Accordingly, it is ORDERED that:

4          1.  Plaintiff's motion to compel, ECF No. 52, is GRANTED in part.

5          2.  Within twenty-one days of this order's entry, defendants shall submit a proposed

6  protective order under which they shall produce the documents sought in requests for production

7  seven and eight.

8          3.  Within thirty days of the court's entry of a protective order, defendants shall produce

9  documents responsive to plaintiff's Request for Production Numbers 7, 8, and 11, as set forth

10  above.

11          4.  Plaintiff's motion to compel is denied in all other respects.

12  IT IS SO ORDERED.

13

14

    Dated:    August 17, 2024                    _____

15                                               JEREMY D. PETERSON
                                                 UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28